# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY AND CYNTHIA BISHOP, GEORGE AND DEBORAH CLARK, KRIS B. HALL, HOLLY J. JONES, GARY AND TERI MCGREGOR, SOLEDAD PINEDA, JOHN STANFORD, JR. AND CAROL M. SEVERANCE,<br>　*Plaintiffs*<br><br>　　　　v.<br><br>CITY OF GALVESTON, TEXAS AND TEXAS DEPARTMENT OF PUBLIC SAFETY,<br>　*Defendants* | §§§§§§§§§§§§§ | Cause No. 4:11-cv-04152 |

## DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S
## MOTION TO DISMISS

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ................................................................1

II. STATEMENT OF THE ISSUES..................................................................................4

III. SUMMARY OF THE ARGUMENT ............................................................................4

IV. ARGUMENT..................................................................................................................5

    A. Plaintiffs Cannot Bring Claims for Constitutional
        Violations Directly Against DPS .......................................................................5

    B. DPS Is Not A "Person" Liable Under Section 1983 and 1985 Claims........................6

V. CONCLUSION................................................................................................................7

CERTIFICATE OF SERVICE ...............................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*ABC Arbitrage Pls. Group v. Tchuruk*,
    291 F.3d 336 (5th Cir. 2002) ...................................................................................4

*Albach v. Dept. of Family & Protective Srvcs.*,
    2005 WL 2076411 (S.D. Tex. Aug. 26, 2005) ..........................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Blackburn v. Marshall City*,
    42 F.3d 925 (5th Cir. 1995) ......................................................................................5

*Burns-Toole v. Byrne*,
    11 F.3d 1270 (5th Cir. 1994) ....................................................................................5

*Evans v. City of Marlin, Tex.*,
    986 F.2d 104 (5th Cir. 1993) ....................................................................................6

*Hearth, Inc. v. Department of Public Welfare*,
    617 F.2d 381 (5th Cir. 1980) ....................................................................................5

*Hughes v. Tobacco Inst., Inc.*,
    278 F.3d 417 (5th Cir. 2001) ....................................................................................4

*Planned Parenthood of Houston & S.E. Tex. v. Sanchez*,
    480 F.3d 734 (5th Cir. 2007) ................................................................................5, 6

*Scooter v. Univ. Texas San Antonio*,
    508 F.3d 812 (5th Cir. 2007) ....................................................................................6

*St. Paul Mercury Ins. Co. v. Williamson*,
    224 F.3d 425 (5th Cir. 2000) ....................................................................................4

*Stotter  v. Univ. of Tex. San Antonio*,
    508 F.3d 812 (5th Cir. 2007) ................................................................................5, 6

*Washburn v. Texas*,
    2008 WL 170033 (W.D. Tex. Jan. 16, 2008) ...........................................................6

*Washington v. Louisiana*,
    425 Fed. Appx. 330 (5th Cir. 2011)..........................................................................6

*West v. Atkins*,
  487 U.S. 42 (1988) ................................................................................................................6

*Will v. Mich. Dept. of State Police*,
  491 U.S. 58 (1989) ................................................................................................................6

**RULES**

FED. R. CIV. P. 12(b)(6) ................................................................................................1, 4, 6

**STATUTES**

42 U.S.C. §1983 ................................................................................................................5

42 U.S.C. § 1985 ................................................................................................................6

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY AND CYNTHIA BISHOP, GEORGE AND DEBORAH CLARK, KRIS B. HALL, HOLLY J. JONES, GARY AND TERI MCGREGOR, SOLEDAD PINEDA, JOHN STANFORD, JR. AND CAROL M. SEVERANCE,<br>*Plaintiffs*<br><br>v.<br><br>CITY OF GALVESTON, TEXAS AND TEXAS DEPARTMENT OF PUBLIC SAFETY,<br>*Defendants* | § § § § § § § § § § § § § § § | Cause No. 4:11-cv-04152 |

**DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S
MOTION TO DISMISS**

TO THE HONORABLE MELINDA HARMON:

Defendant Texas Department of Public Safety ("DPS") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in support thereof, respectfully shows the Court as follows:

### I.   NATURE AND STAGE OF PROCEEDINGS

This case is about whether Plaintiffs were improperly denied grant money for the purchase their damaged beachfront homes without the due process protections afforded by the United States Constitution. Plaintiffs filed their Original Complaint on December 1, 2011 [Dkt. # 1], and this motion is DPS's first responsive pleading. An initial scheduling conference is set for April 3, 2012, before Magistrate Judge Frances H. Stacey. [Dkt. # 2.]

According to the allegations in their complaint, Plaintiffs own homes in The Sands of Kahala Beach subdivision (the "Subdivision") on Galveston Island.[1]  (Orig. Compl. ¶ 13.)  Due to damage from Hurricane Ike, Plaintiffs' homes allegedly qualified for the Federal Hazard Mitigation Grant Program ("HMGP"), which provides funds for applicants/grantees to acquire certain flood damaged property.  (*Id.* ¶¶ 14-15.)

On January 22, 2009, the Galveston City Council decided to apply for HMGP funds to purchase certain beachfront homes damaged by Hurricane Ike, including Plaintiffs' homes, among others.  (*Id.* ¶¶ 18, 20.)  Under the HMGP grants at issue here, Texas DPS was considered the "applicant" for the grant, and once the grant was awarded by FEMA, DPS became the "grantee."  (*Id.* ¶ 24.)  The City of Galveston was the "sub-applicant" for the grant, and once the grant was awarded, it acted as the "sub-grantee."  (*Id.*)  The City of Galveston was notified on July 31, 2009 that it received HMGP funding under two separate FEMA projects totaling approximately $20.8 million.  (*Id.* ¶¶ 22-23.)

Plaintiffs allege that the City of Galveston has previously conducted "substantial damage determinations" and determined that each of the Plaintiffs' homes was substantially damaged by Hurricane Ike.  (*Id.* ¶ 19.)  Furthermore, the funding notifications received by the City of Galveston from FEMA allegedly listed 62 specific properties FEMA had approved for acquisition with grant funds, included five of Plaintiffs' homes.  (*Id.* ¶¶ 23, 25.)  Plaintiffs further allege that the City of Galveston subsequently entered into Flood Damaged Property Contracts For Sale to purchase four of the homes owned by Plaintiffs.  (*Id.* ¶¶ 27-33.)[2]

---

[1] The description of the facts in this case comes solely from the allegations in Plaintiffs' Original Complaint.  [Dkt. # 1.]  This description does not constitute an admission that these facts are true, and DPS reserves the right to challenge any of the facts alleged in Plaintiffs' complaint through discovery.

[2] The complaint does not state why no contract was entered regarding two of the six homes.  (Orig. Comp. ¶¶ 31-32.)

Plaintiffs further allege that, "[a]t some point prior to June 30, 2011, allegations were made by owners of homes located in the Subdivision to various law enforcement agencies including the U.S. Department of Homeland Security and the FEMA Fraud Hotline that the Plaintiffs had used inflated and/or fraudulently obtained estimates of the damages of their Real Property and did not otherwise qualify for the HMGP …." (*Id.* ¶ 39.) On June 29, 2011, DPS notified the City of Galveston that DPS has received an inquiry from the Department of Homeland Security concerning potential fraud involving five of the Plaintiffs' homes which had not yet been purchased with grant funds. (*Id.* ¶ 38.) DPS allegedly directed the City of Galveston to "cease all activities concerning the purchase" of those properties pending further investigations. (*Id.*) On October 25, 2011, DPS issued a report to the Department of Homeland Security regarding the prior substantial damage determinations on five of the Plaintiffs' homes, and concluded that "the State will require new substantial damage determination reviews by qualified staff before those addresses will be allowed to participate." (*Id.* ¶ 43.)

Based on these allegations, Plaintiffs allege that the City of Galveston and DPS have engaged in a concerted effort to discriminate against Plaintiffs and deny Plaintiffs' rights to participate in the HMGP program. (*Id.* ¶ 46.) Plaintiffs assert four causes of action against the City of Galveston and DPS based on these allegations. Plaintiffs assert both a procedural due process claim and a substantive due claim under the Fifth Amendment of the Constitution. (*Id.* ¶¶ 48-61.) Plaintiffs also assert a claim for deprivation of their constitutional rights under 42 U.S.C. § 1983 ("Section 1983), as well as a related claim of conspiracy for such deprivation under 42 U.S.C. § 1985 ("Section 1985). (*Id.* ¶¶ 62-71.) Plaintiffs seek $5.5 million in damages and declaration of their rights. (*Id.* ¶¶ 54, 61, 66, 71, 72.)

Despite Plaintiffs' allegations, Plaintiffs have failed to state a cognizable claim against DPS for the reasons stated below.

## II.   STATEMENT OF THE ISSUES

The Federal Rules of Civil Procedure permit dismissal of a lawsuit based on plaintiff's failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *ABC Arbitrage Pls. Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002). Thus, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)). While the Court must accept the specific factual allegations in the pleadings as true, *Hughes*, 278 F.3d at 420, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage*, 291 F.3d at 348.

## III.   SUMMARY OF THE ARGUMENT

DPS moves to dismiss Plaintiffs' claims on two grounds. First, it is black-letter law that Plaintiffs cannot bring their procedural and substantive due process claims directly against a state agency, such as DPS, because such claims must be brought against state actors through Section 1983. Furthermore, a state agency, such as DPS, is not a "person" subject to liability under either Sections 1983 or 1985. As a result, Plaintiffs' complaint fails to state a viable claim against DPS.

## IV.     ARGUMENT

A.     <u>Plaintiffs Cannot Bring Claims For Constitutional Violations Directly Against DPS.</u>

Plaintiffs cannot bring claims for alleged constitutional violations directly against DPS. It is well established that there is no direct cause of action provided for alleged violations of the Constitution.  Rather, the exclusive vehicle for such claims is an action under 42 U.S.C. § 1983 ("Section 1983") against a "person" acting under the color of state law.  *See Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 480 F.3d 734, 739 (5th Cir. 2007) ("Section 1983 is the proper vehicle for a claim alleging that a state official has violated the Plaintiffs' rights under the Fourteenth Amendment."); *Stotter  v. Univ. of Tex. San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) ("The district judge properly dismissed [plaintiff's] First and Fourteenth Amendment claims as well, citing the rule that the proper vehicle for these allegations is § 1983.").  This is because "the federal courts, and [the Fifth] Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution" due to their "awareness that the framers of the Constitution saw fit to entrust the job of legislating to the Congress."  *Hearth, Inc. v. Department of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980).

In this case, Plaintiffs' first and second causes of action purportedly assert claims directly against DPS for alleged violations of their procedural and substantive due process rights under the Fifth Amendment.   (Orig. Compl. ¶¶ 48-61.)   The due process clause of the Fifth Amendment applies only to federal actors, not state actors, which are governed by the Fourteenth Amendment.  *See Blackburn v. Marshall City*, 42 F.3d 925, 930 n.3 (5th Cir. 1995) ("Because the due process component of the Fifth Amendment applies only to federal actors, we will analyze [a due process claim against a state actor] under the Fourteenth Amendment.").

However, even under a liberal reading of Plaintiffs' complaint as referring to the Fourteenth Amendment, Plaintiffs cannot bring claims alleging constitutional violations directly against DPS because such claims must be brought against a state actor pursuant to Section 1983. *See Planned Parenthood*, 480 F.3d at 739; *Stotter*, 508 F.3d at 821.

B.   <u>DPS Is Not A "Person" Liable Under Section 1983 And 1985 Claims.</u>

Similarly, Plaintiff cannot bring claims under Sections 1983 and 1985 against a state agency such as DPS. In order to prevail on a Section 1983 claim, a plaintiff must prove that (1) *a person* (2) acting under color of state law (3) subjected the plaintiffs or caused the plaintiffs to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir. 1993); 42 U.S.C. §1983. Similarly, under Section 1985, "claimants have a cause of action for civil rights violations only against 'persons.'" *Washington v. Louisiana*, 425 Fed.Appx. 330, 333 (5th Cir. 2011); *see also* 42 U.S.C. § 1985.

It is well settled that a state agency, such as DPS, is not a "person" for the purposes of Sections 1983 and 1985, and therefore not a proper defendant for such claims. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, (1989); *Scooter v. Univ. Texas San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) ("This court has also recognized that state universities as arms of the state are not 'persons' under § 1983."); *Albach v. Dept. of Family & Protective Srvcs.*, Civ. A. No. G-05-386, 2005 WL 2076411, at *2 (S.D. Tex. Aug. 26, 2005) (dismissing Section 1983 claim against DFPS because it is not a "person" liable under the statute); *Washburn v. Texas*, No. A-07-CA-116 LY, 2008 WL 170033, at *6 (W.D. Tex. Jan. 16, 2008) ("The same reasoning–that a state or its agencies are not persons–of course must apply to § 1985's conspiracy provision.") (citing cases).

*Defendant DPS's Motion to Dismiss*

In this case, Plaintiff third and fourth causes of action purport to assert claims against DPS under Sections 1983 and 1985. (Orig. Compl. ¶¶ 62-71.) However, Plaintiffs fails to state cognizable claims against DPS under either Section 1983 or Section 1985 because, as a state agency, DPS is not a "person" that can be held liable under those statutes. Thus, the third and fourth causes of action asserted against DPS under Sections 1983 and 1985 do not state valid claims upon which this Court may grant relief and should be dismissed.

## V.   CONCLUSION

For the reasons stated above, Plaintiffs have failed to state claim for relief against DPS for constitutional violations, either directly or under Section 1983 or 1985. Such claims are, therefore, subject to dismissal pursuant to Rule 12(b)(6). DPS respectfully requests that the Court issue an order dismissing Plaintiffs' claims against it and awarding it such costs as were incurred in bringing this motion.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Texas Bar No. 24068846
Southern District Bar No. 1041236
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Kyle L. Dickson
McFatridge, Baker & Schmidt, P.C.
2228 Mechanic, Suite 220
Galveston, Texas 77550
kdickson@mbslawyer.com


/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General